# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**BOBBIE LOUIS SANDFORD**                                    **PETITIONER**

**v.**                                    **Criminal No. 2:12cr63-LG-JMV-1**
                                    **Civil Action No. 3:15cv190-LG**

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

### ORDER DENYING PETITIONERS'
### MOTIONS FOR MISCELLANEOUS RELIEF

**BEFORE THE COURT** are the following Motions filed by the petitioner

Bobbie Louis Sandford:[1] Motion [43] for Order Compelling Response to Request to

Produce Legal Documents, Motion [49] for Bail Pending Appeal, Motion [50] to

Appoint Counsel, Motion [51] to Amend Motion to Vacate under 28 U.S.C. § 2255,

Motion [52] for Bond, Motion [53] for Subpoena, Motion [60] for Bond, to be

Released from Prison, and for Evidentiary Hearing, Motion [61] for Attorney Ross

Barnett to Clear Sandford's Record, Motion [64] for Reconsideration of Order

Denying Motion for Evidentiary Hearing, Motion [68] to Proceed In Forma

Pauperis, and Motion [75] to Expedite.  After reviewing the Motions, the record in

this matter, and the applicable law, the Court finds that the Motions should be

denied.

---

[1] In pleadings, the petitioner uses the name "Bobby L. Sanford," but the Court will
continue to refer to him as "Bobbie Louis Sandford" since the Judgment entered in
this matter utilized that name.

## BACKGROUND

On October 17, 2012, Sandford agreed to plead guilty to one count of wire fraud and one count of money laundering pursuant to a written plea agreement with the Government. He was sentenced to 120 months imprisonment and three years of supervised release. Sandford appealed the sentence, but the Fifth Circuit affirmed. He then filed a Motion [44] Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In conjunction with his 2255 Motion, Sandford filed numerous Motions seeking miscellaneous relief.

## DISCUSSION

## I. MOTION [43] FOR ORDER COMPELLING RESPONSE TO REQUEST TO PRODUCE LEGAL DOCUMENTS

In this Motion, Sandford asks the Court to compel his former attorney to produce all legal documents related to the criminal prosecution to enable Sandford to file a 2255 Motion. Sandford claims that he requested these documents from his former attorney but received no response to the request. However, Sandford has subsequently filed a letter sent by his former attorney that stated that a copy of the case file was enclosed. (Letter, ECF No. 59-1). Therefore, this Motion is denied as moot.

## II. MOTIONS [49, 52, 60] FOR BOND

In three separate Motions, Sandford asks the Court to grant him bond pending consideration of his 2255 Motion. In a separate opinion, this Court has found that Sandford's 2255 Motion should be denied. As a result, the Court finds that Sandford's Motion for Bond should also be denied.

### III.  MOTION [50] TO APPOINT COUNSEL

Sandford asks the Court to appoint him an attorney, because he is a pauper and he has presented meritorious issues in his 2255 Motion.  A court may appoint counsel "for any financially eligible person who. . . is seeking relief under section 2241, 2254, or 2255 of title 28" when it determines that the interests of justice so require.  18 U.S.C. § 3006A(a)(2)(B).  Furthermore, Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the Court must appoint an attorney to represent a petitioner if it concludes that an evidentiary hearing is warranted.  Sandford is well-educated, having received a degree from a four-year university, and although his 2255 Motion was found to be without merit, Sandford demonstrated that he was capable of pursuing his 2255 Motion without the assistance of counsel.  Furthermore, the Court found that there was no need for an evidentiary hearing in this matter.  Therefore, the Court finds that Sandford's Motion to Appoint Counsel should be denied.

### IV.  MOTION [51] TO AMEND MOTION TO VACATE UNDER 28 U.S.C. § 2255

Sandford seeks permission to amend his Motion to Vacate, because there were typographical errors in the original Motion.  However, he did not provide the proposed amended motion to the Court.  Therefore, this Motion is denied.

### V.  MOTION [53] FOR SUBPOENA

Sandford asks the Court to subpoena Chief Judge Sharion Aycock, her husband Randy Aycock, Sandford's brother-in-law Robert Cook, and Sandford's sister Emma Cook to testify at an evidentiary hearing concerning whether Chief

Judge Aycock should have recused herself due to her friendship and contact with Mr. Cook. For the reasons stated in this Court's separate opinion denying Sandford's 2255 Motion, the Court finds that an evidentiary hearing and the testimony of these witnesses is unnecessary in this matter. Sandford's request for these subpoenas is essentially an impermissable fishing expedition.

## VI. MOTION [60] TO BE RELEASED FROM PRISON AND FOR EVIDENTIARY HEARING

For the reasons stated in this Court's separate opinion denying Sandford's 2255 Motion, the Court finds that Sandford's Motion to be released from prison and for an evidentiary hearing should be denied.

## VII. MOTION [61] FOR ATTORNEY ROSS BARNETT TO CLEAR SANDFORD'S RECORD

In this Motion, Sandford argues:

It was Atty. Ross Barnett's law firm who worked to successfully end Mr. [Sandford's] parole, that the government used as a tool and strategy and misconduct to revoke Movant['s] parole, determine that sufficient and reasonable cause exists to hold the offender for a formal revocation hearing by the Mississippi Parole Board, a hearing that never took place.

(Mot. at 1, ECF No. 61). From the remainder of Sandford's Motion, it appears that Sandford claims that Mr. Barnett, along with the Government, and Sandford's former attorney, were involved in some form of conspiracy to force Sandford to plead guilty in this case. As this Court explained in more detail in its separate opinion denying Sandford's 2255 Motion, Sandford admitted under oath during the change of plea hearing that he was not subjected to any coercion when he decided to plead guilty in this matter. The Court found that Sandford's guilty plea was knowing and

voluntary, and there is no indication that testimony from Attorney Barnett would change this finding. To the extent that Sandford is once again claiming — despite Sandford's sworn testimony to the contrary at the change of plea hearing — that Sandford truly did pay Mr. Barnett to assist him in overturning a prior rape conviction, the Court thoroughly addressed these assertions in its separate Order denying Sandford's 2255 Motion. As a result, this Motion must be denied.

## VIII. MOTION [64] FOR RECONSIDERATION OF ORDER [55] DENYING MOTION FOR EVIDENTIARY HEARING

A district court can deny a request for an evidentiary hearing "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). For the reasons stated in this Court separate Order Denying Motion filed pursuant to 28 U.S.C. § 2255, Sandford's request for reconsideration of the Court's prior Order [55] denying his Motion for an Evidentiary Hearing is denied.

## IX. MOTION [68] TO PROCEED IN FORMA PAUPERIS

Sandford seeks permission to proceed in forma pauperis, but there is no filing fee for filing a 2255 Motion in district court. Therefore, the Motion to Proceed In Forma Pauperis is denied as moot.

## X. MOTION TO EXPEDITE

Sandford's Motion to Expedite is denied as moot, because the Court has entered an Order concerning Sandford's 2255 Motion.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the following Motions filed by the petitioner Bobbie Louis Sandford are **DENIED**: Motion [43] for

Order Compelling Response to Request to Produce Legal Documents, Motion [49] for Bail Pending Appeal, Motion [50] to Appoint Counsel, Motion [51] to Amend Motion to Vacate under 28 U.S.C. § 2255, Motion [52] for Bond, Motion [53] for Subpoena, Motion [60] for Bond, to be Released from Prison, and for Evidentiary Hearing, Motion [61] for Attorney Ross Barnett to Clear Sandford's Record, Motion [64] for Reconsideration of Order Denying Motion for Evidentiary Hearing, Motion [68] to Proceed In Forma Pauperis, and Motion [75] to Expedite.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE