# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**BOBBIE LOUIS SANDFORD**                                                                 **PETITIONER**

v.                                                                 Criminal No. 2:12cr63-LG-JMV-1
                                                                   Civil Action No. 3:15cv190-LG

**UNITED STATES OF AMERICA**                                                              **RESPONDENT**

## ORDER DENYING MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration [82] filed by the petitioner Bobbie Louis Sandford pursuant to Fed. R. Civ. P. 59(e) as to the denial of his Section 2255 Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

## BACKGROUND

On October 17, 2012, Sandford agreed to plead guilty to one count of wire fraud and one count of money laundering pursuant to a written plea agreement with the Government. He also agreed to waive his right to appeal his sentence or to attack his sentence collaterally under § 2255. Chief Judge Sharion Aycock sentenced Sandford to 120 months imprisonment and three years of supervised release. Sandford appealed the sentence, but the Fifth Circuit affirmed. On November 2, 2015, Sandford filed a Motion [44] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which this Court denied in an Order [78] entered on September 25, 2017. Sandford filed his Motion for Reconsideration on October 19, 2017.

## DISCUSSION

Before a second or successive § 2255 motion may be filed in the district court, the movant must request from the Fifth Circuit Court of Appeals an order authorizing the district court to consider the motion. *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010); *see also* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) & (C). A petitioner's failure to seek authorization from an appellate court before filing a second or successive § 2255 motion "acts as a jurisdictional bar." *Id.* at 301 (quoting *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)).

Therefore, this Court must first determine whether Sandford's Motion is properly characterized as a Rule 59(e) Motion or an unauthorized successive § 2255 motion. The Fifth Circuit has held that the reasoning set forth in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), should be applied to make this determination. *Williams*, 602 F.3d at 303-04. Pursuant to this reasoning, "a motion that seeks to add a new ground for relief" is an unauthorized successive § 2255 motion, as is "a motion that attacks the federal court's previous resolution of a claim on the merits . . . ." *Id.* at 302 (quoting *Gonzalez*, 545 U.S. at 531-32). However, when a motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, courts should not construe the motion as a second or successive petition." *Id.*

In his Motion for Reconsideration, Sandford primarily complains that this Court entered an order requiring his former attorney to file an affidavit and did not provide him with sufficient time to respond to that affidavit. These arguments do

not pertain to the merits of this Court's decision and will therefore be considered under Fed. R. Civ. P. 59(e). Sandford's other arguments, which pertain to the merits of this Court's determination, must be denied as a successive petition.

The Fifth Circuit has provided the following guidance for considering Rule 59(e) motions:

> A Rule 59(e) motion calls into question the correctness of a judgment. . . . This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. . . . Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations and quotation marks omitted). The Fifth Circuit has instructed district courts considering Rule 59(e) Motions "to strike the proper balance between [two] competing interests" — "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.* at 479.

Contrary to Sandford's assertions, it is not an extraordinary event for the Court to enter an order requiring an attorney to file an affidavit. It is the Court's standard practice to enter such an order when a § 2255 Motion alleging ineffective assistance of counsel has been filed. Furthermore, the Court has reviewed Sandford's Response [81] to the attorney affidavit and finds that it would not have altered this Court's decision. Sandford was essentially raising the same arguments that this Court thoroughly addressed in its Orders [78, 79]. Since Sandford failed to identify any manifest error of fact or law, his Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Reconsideration [82] filed by the petitioner Bobbie Louis Sandford is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of October, 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge