# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**UNITED STATES OF AMERICA**

v.                                               **CAUSE NO. 2:12CR63-LG-JMV-1**

**BOBBIE LOUIS SANDFORD**

## ORDER DENYING SANDFORD'S RULE 60(b) MOTION

**BEFORE THE COURT** is the [92] Rule 60(b) Motion filed by Bobbie Louis Sandford. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

## BACKGROUND

On October 17, 2012, Sandford agreed to plead guilty to one count of wire fraud and one count of money laundering pursuant to a written plea agreement with the Government. He also agreed to waive his right to appeal his sentence or to attack his sentence collaterally under § 2255. Chief Judge Sharion Aycock sentenced Sandford to 120 months imprisonment and three years of supervised release. Sandford appealed the sentence, and the Fifth Circuit affirmed. On November 2, 2015, Sandford filed a Motion [44] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which the Court denied in an Order [78] entered on September 25, 2017. The Court also denied Sandford a certificate of appealability. Sandford filed a Motion for Reconsideration that was also denied. Sandford filed a Notice of Appeal, but the Fifth Circuit denied Sandford's Motion for a Certificate of Appealability on December 21, 2018. Sandford now seeks relief under Rule 60(b),

claiming that his former attorney committed a fraud on the Court in an affidavit the attorney filed in response to Sandford's § 2255 Motion.

## DISCUSSION

Individuals may file successive § 2255 motions only under limited circumstances. *See* 28 U.S.C. § 2255(h)(1)-(2) (requiring that a successive motion point to either "newly discovered evidence" establishing the movant's innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). A federal district court cannot consider a successive motion unless the circuit court first certifies that the filing satisfies these requirements. *See id.*

> To avoid the statutory limits on successive habeas petitions, individuals may seek to style their successive filings as motions for relief from judgment under Rule 60(b). This rule allows a court to reopen proceedings for obvious errors, newly discovered evidence, fraud, or "any other reason that justifies relief."

*United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (quoting Fed. R. Civ. P. 60(b)(1)-(6)). A motion is successive if the petitioner is attempting to add a new ground for relief or is attacking the court's prior ruling on the merits. *Id.* However, "[i]f a motion challenges 'not the substance of the federal court's resolution of a claim on the merits but some defect in the integrity of the federal habeas proceedings,' then a Rule 60(b) motion is appropriate." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). A motion claiming a fraud on the court does not constitute a successive petition. *Id.*

Sandford asks the Court to set aside its prior order and judgment denying his § 2255 Motion because his former attorney committed fraud. This Motion constitutes a proper Rule 60(b)(3) Motion rather than a successive motion. Therefore, the Court has jurisdiction to consider Sandford's Motion.

Sandford's claims of fraud pertain to his argument that his former attorney provided ineffective assistance by failing to advise Sandford of the existence of several documents that, according to Sandford, are exculpatory. Sandford claims that his former attorney made false statements concerning these documents in an affidavit filed in opposition to Sandford's § 2255 Motion. However, as the Court explained in its prior [78] Order denying Sandford's § 2255 Motion, Sandford admitted that he committed the crimes of money laundering and wire fraud when he pled guilty. The documents that Sandford cites are not in fact exculpatory. Furthermore, Sandford asked his attorney to bring these documents to the Court's attention during the change of plea hearing. Thus, Sandford was aware of the existence of these documents despite his current arguments to the contrary. For all these reasons, Sandford's present Motion does not affect the validity of this Court's prior Order and Judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [92] Rule 60(b) Motion filed by Bobbie Louis Sandford is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of September, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE